MRS. E. A. WADDLE, Respondent, v. COMMON-
   WEALTH INSURANCE COMPANY, Appel-
   lant.

Springfield Court of Appeals, November 5, 1914.

1. APPELLATE PRACTICE: BRIEF: Assigning Errors: Waiver.
   Questions not urged by appellant in his brief will be deemed
   waived.

2. NEW TRIAL: Discretion of Trial Court. The granting of a
   new trial based on alleged perjury rests in the discretion of
   the trial judge and his action will not be set aside unless
   there has been an abuse of such discretion.

3. APPELLATE PRACTICE: New Trial: Trial Court's Refusal:
   When Not Reviewed. Where a new trial was sought because
   of alleged perjury on the part of the plaintiff's witnesses, the
   denial of same will not be set aside where the trial court was
   not furnished with a transcript of the testimony of the wit-
   nesses on which defendant relied to establish the perjury.

4. ————: Conspiracy: Evidence: Exclusion. Defendant under-
   took in an action on a fire insurance policy to show a con-

spiracy on the part of the plaintiff and other parties to defraud defendant. The jury was instructed as to the plaintiff's connection with the alleged conspiracy and found her innocent thereof. There was no reversible error in excluding evidence to show the relation between the other alleged conspirators.

5. ————: Refreshing Memory: Indentifying Property: Objection. Defendant complained in an assignment of error that a witness used a copy of a bill of lading to refresh her memory. It appearing that the witness merely identified the goods therein and that no objection was made thereto, such assignment is overruled.

6. ————: Assignment of Error: Not Urged in Brief: Waived. Assignments of error which appellant does not urge in his brief will be considered waived.

7. INSTRUCTIONS: Fire Insurance: Terms Defined. "Occupied as Residence" and "Occupied." An insurance policy provided that the insured property should be "occupied as a residence." An instruction defining the expression is examined and *held* not in conflict with an instruction defining the word "occupied."

8. INSURANCE: Vexatious Refusal to Pay Claim: Statutory Provisions. Section 7068, R. S. 1909 (Amended Laws 1911, p. 282), provides that damages and attorney's fees are allowable for vexatious refusal to pay plaintiff's claim in an action on an insurance policy. This does not contemplate penalizing defendant for conduct after an action brought to recover the loss.

9. ————: ————: Evidence: Improper. It was error to admit in evidence the files in the case, different answers, motion to quash summons and application for continuance in an action on an insurance policy to show the amount allowable as damages and attorney's fees for vexatious refusal to pay claim.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby*, Judge.

AFFIRMED (*conditionally*).

*Williams & Galt* for appellant.

(1) The Statute, R. S. 1909, sec. 2022, makes perjury a distinct ground of new trial. State ex rel. v. Edwards, 11 Mo. App. 154. (2) Perjury is ground

for a new trial independently of the question of surprise. Ridge v. Johnson, 129 Mo. App. 541; Byrd v. Vanderburgh, 168 Mo. App. 112; Berryhill v. Tribe of Ben Hur, 151 Mo. App. 415. (3) It was pertinent to the issues of the case to show that plaintiff's witness, Hawk, had been intimately associated with Walter Kendrick previous to the time of the trial; that he and Kendrick were on a note at the bank, and that the house which they jointly constructed was destroyed by fire before it was occupied and that it was insured. A conspiracy having been alleged, and a system being apparent from the similarity of the fires. 1 Wigmore on Evidence, secs. 300, 304, 340, 347, and cases cited. (4) Call the court's attention to a case which defines the meaning of the word "occupy," as used in insurance policies. Van Derhoof v. Agricultural Ins. Co., 12 N. Y. St. 341-343.

*Troy Pace, Hamlin & Seawell* for respondent.

(1) The question of alleged perjury, when made a ground in the motion for a new trial is largely a matter within the discretion of the trial court, and unless the discretion was abused the appellate court will not interfere. Dean v. Railroad, 229 Mo. 452; Byrd v. Vanderburgh, 168 Mo. App. 119; Scott v. Railroad, 168 Mo. App. 531. (2) The contention that evidence of the fact that witness Hawk had been unfortunate in having his property destroyed by fire and the circumstances of the fire, and his connection therewith, with one Kendrick, was admissible, is unworthy of notice. Even if appellant had alleged that witness Hawk was in a conspiracy, still, evidence of specific acts of incendiarism or fraud prior to the alleged conspiracy on his part would certainly not be admissible as against respondent. (3) Instruction number 3 properly defines the term "occupied as a residence," and if number 7, at the instance of ap-

pellant, conflicts therewith, then the error is favorable to it, and it is estopped to complain. Walton v. Ins. Co., 162 Mo. 328. (4) The delay and refusal to pay is vexatious, and appears so by the uncontradicted evidence. This question, however, was submitted to the jury, and its decision is final. Steix v. Indemnity Co., 175 Mo. App. 171; Cascarella v. Ins. Co., 175 Mo. App. 139.

ROBERTSON, P. J.—Plaintiff obtained a judgment on a fire insurance policy on household effects, and defendant has appealed. There have been two trials. The defenses pleaded, so far as necessary to note, are fraudulent representations inducing defendant to issue the policy and that the condition in the policy that the property should be protected only while the building in which it was located was occupied for a residence had been violated.

We shall notice only the questions urged in appellant's brief under the Points and Authorities, as all others are deemed waived. [Ridenour v. Wilcox Mines Co., 164 Mo. App. 576, 599, 147 S. W. 852.]

It is said that the trial court erred in overruling the motion for a new trial which charged ''That perjury was committed by witnesses for the plaintiff in matters material to the issues of the case.'' The motion, on this point, was undertaken to be supported by an affidavit filed almost three months later, but before the motion was overruled; and we are now asked to compare a transcript of the testimony at the first trial of the case, as to the plaintiff and some of her witnesses with their testimony in the last trial, all set out in the abstract of record here, and convict the trial court of reversible error. The trial court was not furnished a transcript of the testimony of the witnesses in the first trial. We cannot convict the trial judge of error in passing on something that was not submitted to him. If the proceedings had been

regular we may suggest, without deciding, that the motion is granted on this ground in the same manner as for the reason that the verdict is against the weight of the evidence and can only be reviewed when the trial judge abuses his discretion. [Dean v. Wabash Railroad Company, 229 Mo. 425, 452, 129 S. W. 953, and Scott v. Railway, 168 Mo. App. 527, 531, 153 S. W. 1058.] In the second trial the stenographer who took the testimony on the first trial was on the witness stand and was asked about some of the testimony at the former trial. No doubt defendant could have, in this manner, obtained all of the testimony at the former trial that was thought to be in conflict with that of the witnesses in this trial and thereby had the jury pass on all of the alleged perjury he charges here, if it had so desired. This assignment of error is ruled against appellant.

The defendant undertook to show a conspiracy to defraud defendant between plaintiff, another party and a party who hauled some of plaintiff's goods to the house where the fire occurred. Complaint is now made that the court did not permit him to go fully into the relations of these two parties, other than plaintiff. The jury was instructed as to plaintiff's connection with any such conspiracy and since there was a finding that she was innocent it can make no difference in this case what the relation was of the other two alleged conspirators.

Defendant complains that a witness used a copy of a bill of lading to refresh her memory, but the witness only identified the goods therein described and no objection was made on that score.

An objection is made that witnesses were permitted to testify as to the plaintiff's reputation for honesty, etc., but a reference to the record discloses that no witnesses so testified. The questions were asked, the defendant objected and they were not answered.

Defendant insists that an instruction defining "occupied as a residence" given in behalf of plaintiff is in conflict with one given for defendant. The plaintiff's instruction, so far as necessary to quote, reads that "the term 'occupied as a residence' as used in said policy does not mean that the plaintiff must have actually remained in person in said house constantly both by day and by night, but if you find that she in good faith had moved her household goods in said house for the purpose of residing therein, and that from the time she had moved said goods into said house until the fire she had been engaged in the day-time in arranging said goods in said house for the purpose of dwelling therein as her home and that she actually remained in said house for such purpose during the daytime, and was only temporarily absent therefrom at night, then said house was occupied by her within the meaning of said term of said policy." The defendant's is as follows: "the word 'occupied,' as used herein, means the presence of a human being or human beings in the said buildings as their customary place of abode, not absolutely and uninterruptedly continuous, but that it must be a place of usual return and habitual stoppage. So, unless you find and believe from the evidence in this case that the house referred to in said policy was the habitual place of stoppage of the plaintiff and her usual place of return or her customary place of abode from April 5, 1911, the date the policy was issued to the date of the destruction of the building by fire, your verdict will be for the defendant." There is no conflict in these instructions and as it is not claimed that the plaintiff's instruction does not declare the law no further comment is necessary.

The verdict of the jury allowed $150 attorney's fee and $63.28 as damages for vexatious refusal of defendant to pay the loss. During the progress of the trial plaintiff, over defendant's objection, offered in

evidence, for the purpose then stated of showing vexatious delay, the files in the case, different answers, motion to quash summons and applications for continuances. It appears from the abstract of record that the motion to quash was sustained. Amended answers are filed by leave of court (Section 1848, R. S. 1909). If the applications for continuances were granted then they were properly filed and if refused no delay was necessarily caused by them. Error was committed by the court in admitting these things in evidence at all for this purpose. Section 7068, R. S. 1909 (Amended Laws 1911, p. 282) provides that the damages and attorney's fee are allowable for vexatious refusal to *pay* and this may not contemplate penalizing the defendant for conduct after an action brought to recover the loss. This latter question is not, however, before us as the record does not disclose that defendant did anything in defense of the case in connection with these files that it did not have a perfect right to do. Unless plaintiff will cure this error by remitting the amounts allowed as attorney's fee and damages within ten days after this opinion is filed, amounting to a total of $213.28, the judgment will be reversed and the cause remanded, otherwise it will be affirmed.

*Farrington* and *Sturgis, JJ.*, concur.