## NATIONAL LUMBER & TIE CO. v. COMMISSIONER OF INTERNAL REVENUE.*

### No. 10752.

Circuit Court of Appeals, Eighth Circuit.

May 21, 1937.

Chase Morsey, of St. Louis, Mo., for petitioner.

Warren F. Wattles, Sp. Asst. to Atty. Gen. (Robert H. Jackson, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before SANBORN, WOODROUGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge, delivered the opinion of the Court.

This is a petition for review of the decision of the Board of Tax Appeals affirming the deficiency in tax in the amount of $13,803.09 found by the Commissioner of Internal Revenue for the calendar year 1929 against the petitioner.

At the time petitioner filed its income tax return for the calendar year 1929, it claimed a net loss carried forward from the year 1928 on the sale of 25,000 acres of timber land located in the State of Louisiana which it had purchased in 1921 from J. H. Hines Company.

The petitioner determined its loss as follows:

| | |
|---|---|
| Cost of timber and land.................... | $460,000.00 |
| Cut and sold, 42,889,504 feet @ $4.00 per M | 171,558.10 |
| | $288,441.90 |
| Sale price of property..................... | 75,000.00 |
| Loss ...................................... | $213,441.90 |

Whereas the Commissioner determined the loss as follows:

| | |
|---|---|
| Cost of timber land....................... | $269,531.64 [1] |
| Cut and sold, 42,890,132 feet @ $2.54...... | 108,940.94 |
| | $160,590.70 |
| Levee and drainage taxes.................. | 2,814.21 |
| Total cost............................... | $163,404.91 |
| Consideration received.................... | 75,000.00 |
| Loss ..................................... | $ 88,404.91 |

At the trial of the case before the Board of Tax Appeals, the petitioner sought to increase its loss from $213,441.90 to the amount of $267,189.95 by the addition of the sum of $53,748.05, which represented the amount paid for levee taxes and attorneys' fees.

---

[1] We do not find in the record a detailed statement of this item.

*Rehearing denied June 28, 1937.

The petitioner also introduced evidence to show that the total cost of the property was as follows:

Cash ............................................. $ 50,000
Stock of petitioner............................. 150,000
Mortgages assumed ............................. 231,000
Taxes assumed ................................. 29,000

Total ...................................... $460,000

It appears from the evidence that the petitioner is a corporation under the laws of Tennessee. Its authorized capital stock is $200,000. In the charter of incorporation it is stated that the incorporators of petitioner were J. H. Hines, J. H. Robinson, B. K. Boydston, J. M. Allen, and George C. Griffith. The minute book of the petitioner states that the stock was subscribed as follows:

| | | |
|---|---|---|
| George C. Griffith | 250 shares | $ 25,000 |
| J. M. Allen | 250 shares | 25,000 |
| J. H. Hines | 5 shares | 500 |
| B. K. Boydston | 5 shares | 500 |
| J. H. Hines Company | 1,490 shares | 149,000 |

The stock records of the petitioner state in effect that the first shares of petitioner were issued May 5, 1921, as follows:

| | |
|---|---|
| Certificate No. 1, J. M. Allen | 100 shares |
| Certificate No. 2, J. M. Allen | 100 shares |
| Certificate No. 3, J. M. Allen | 25 shares |
| Certificate No. 4, J. M. Allen | 25 shares |
| Certificate No. 5, George C. Griffith | 100 shares |
| Certificate No. 6, George C. Griffith | 100 shares |
| Certificate No. 7, George C. Griffith | 45 shares |
| Certificate No. 8, George C. Griffith | 5 shares |
| Certificate No. 9, B. K. Boydston | 5 shares |
| Certificate No. 10, J. H. Hines Company | 500 shares |
| Certificate No. 11, J. H. Hines Company | 500 shares |
| Certificate No. 12, J. H. Hines Company | 400 shares |
| Certificate No. 13, J. H. Hines Company | 50 shares |
| Certificate No. 14, J. H. Hines Company | 30 shares |
| Certificate No. 15, J. H. Hines | 5 shares |
| Certificate No. 16, J. H. Robinson | 10 shares |

But there also appears in an affidavit of George C. Griffith, president of the petitioner, which was admitted in evidence as Exhibit A, the following statement: "There is sufficient information in the hands of the Honorable Commissioner of Internal Revenue to prove beyond any doubt that J. H. Hines Company, Incorporated, paid to the National Lumber and Tie Company certain lands, timber rights and a tie contract with the Southern Pacific Railway Company entered into October 11, 1920, for the entire capital stock of the corporation."

The Board approved the action of the Commissioner in fixing the cost of the property at $269,531.64, and rejected the proposed increase in loss.

In its opinion the Board of Tax Appeals said: "The only controversy arises over the proper basis to be used for computation of gain or loss upon the sale of the property in 1928. If the respondent be correct in his holding that the property was acquired by the petitioner by the issuance of all its capital stock to J. H. Hines Company then he is correct in holding that the basis is the basis in the hands of the transferor. Sections 113 (a) (8) and 112 (b) (5) of the Revenue Act of 1928 [26 U.S.C.A. §§ 113 note, 112 (b) (5) and note], and section 202 (c) (3) of the Revenue Act of 1921 [42 Stat. 229, 230]." [2]

2 "§ 113. [Revenue Act of 1928] *Basis for determining gain or loss.*

"(a) *Property acquired after February 28, 1913.* The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—* * *

"(8) *Same—Corporation controlled by transferor.* If the property was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in section 112(b) (5) (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money, in addition to such stock or securities), then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made."

"§ 112. [Revenue Act of 1928].
* * *

"(b) * * * (5) *Transfer to corporation controlled by transferor.* No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange."

"Sec. 202. [Revenue Act of 1921].
* * *

"(c) For the purposes of this title, on an exchange of property, real, personal

Petitioner contends that it did not so acquire the property, but that it acquired it from J. H. Hines Company by the issuance to that company of $150,000 par value of its stock and $50,000 in cash, and the assumption of a mortgage indebtedness of $231,000 and ordinary indebtedness, including back taxes, of $29,000, or a total consideration of $460,000.

The Board was not satisfied with the evidence offered by the petitioner, and found as above stated.

As to the levee taxes, the Board said: "The proof submitted does not show any allocation of the levee taxes paid in 1925 and 1927 as between local or special assessments and other taxes. Furthermore, the petitioner has not shown what portions of the taxes in question are properly allocable to maintenance or interest charges, which would be deductible under all the Revenue Acts in question."

We are, therefore, confronted with two questions:

1. Whether the basis for determining gain or loss on the sale by petitioner of its Louisiana timber lands was the basis which the lands had in the hands of the transferor, J. H. Hines Company.

2. Whether the levee taxes on petitioner's lands paid by petitioner to the State of Louisiana during 1925-1928 were capital expenditures.

■ First. In Respondent's Exhibit A, above referred to, is found some evidence that the J. H. Hines Company paid to the National Lumber and Tie Company certain property for *the entire capital stock of the corporation.* We think that this was substantial evidence that the entire capital stock was paid, and that the question is no longer open in this court. Helvering v. Rankin, 295 U.S. 123, 131, 55 S.Ct. 732, 736, 79 L.Ed. 1343; Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212; Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct.

608, 75 L.Ed. 1289; Whitlow v. Commissioner, 82 F.(2d) 569 (C.C.A.8); Helvering v. Ward, 79 F.(2d) 381 (C.C.A.8); Randolph v. Commissioner, 76 F.(2d) 472 (C.C.A.8); Willcuts v. Stoltze, 73 F.(2d) 868 (C.C.A.8); Helvering v. Ames, 71 F.(2d) 939 (C.C.A.8); Johnson, Drake & Piper v. Helvering, 69 F.(2d) 151 (C.C.A.8).

We do not think that the case of Helvering v. Tex-Penn Oil Co., 57 S.Ct. 569, 81 L.Ed. ——, relied upon by respondent, is in point.

Second. As to the levee taxes, respondent contends that the fact that the particular taxes paid during years prior to 1928 were levee taxes does not establish whether they were ad valorem levee taxes deductible as an expense, or were taxes "assessed against local benefits of a kind tending to increase the value of the property assessed." Only the latter could be capitalized.

But there was evidence that the taxes were entered as levee taxes in the tax receipts for 1925 and 1927 rendered by the State authorities to the taxpayer.

There was also evidence that petitioner had sought to have them deducted from gross income, but this was denied because the Commissioner ruled that they were "charges against the property benefited."

■ The statement by Mr. Justice Butler in the opinion in Helvering v. Taylor, 293 U.S. 507, 515, 55 S.Ct. 287, 291, 79 L.Ed. 623, seems to be directly in point:

"Unquestionably the burden of proof is on the taxpayer to show that the Commissioner's determination is invalid. Lucas v. Structural Steel Co., 281 U.S. 264, 271, 50 S.Ct. 263, 74 L.Ed. 848; Wickwire v. Reinecke, 275 U.S. 101, 105, 48 S.Ct. 43, 72 L.Ed. 184; Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212. Frequently, if not quite generally, evidence adequate to overthrow the Commissioner's finding is also sufficient to show the correct amount, if any, that is due. See, e. g., Darcy v:

---

or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized— * * *

"(3) When (A) a person transfers any property, real, personal or mixed, to a corporation, and immediately after the transfer is in control of such corporation, or (B) two or more persons transfer any such property to a corporation, and immediately after the transfer are in control of such corporation, and the amounts of stock, securities, or both, received by such persons are in substantially the same proportion as their interests in the property before such transfer. For the purposes of this paragraph, a person is, or two or more persons are, 'in control' of a corporation when owning at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation."

Commissioner (C.C.A.) 66 F.(2d) 581, 585. But, where as in this case, the taxpayer's evidence shows the Commissioner's determination to be arbitrary and excessive, it may not reasonably be held that he is bound to pay a tax that confessedly he does not owe, unless his evidence was sufficient also to establish the correct amount that lawfully might be charged against him. On the facts shown by the taxpayer in this case, the Board should have held the apportionment arbitrary and the Commissioner's determination invalid. Then, upon appropriate application that further hearing be had, it should have heard evidence to show whether a fair apportionment might be made and, if so, the correct amount of the tax. The rule for which the Commissioner here contends is not consonant with the great remedial purposes of the legislation creating the Board of Tax Appeals."

We also think that what was said by this court recently in the case of Clements v. Commissioner, 88 F.(2d) 791, 793, opinion filed March 24, 1937, is in point:

"It is true that the petitioner did not prove facts sufficient to enable the Board to make an accurate apportionment or to find the precise amount of tax due from her, but it does not follow that she was not entitled to relief from the wrongful assessment made against her. Under very similar circumstances, presented to the Circuit Court of Appeals in the Second Circuit, it was held that, where the refusal of the Board of Tax Appeals to make an apportionment of value between stocks of different classes left the taxpayer to pay an 'arbitrary and excessive' tax, it was the duty of the court to reverse and remand for further proceedings. Taylor v. Commissioner (C.C.A) 70 F.(2d) 619. The position of the Court of Appeals was fully sustained by the Supreme Court on certiorari. Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623.

"As the decision of the Board of Tax Appeals in this case leaves the petitioner to pay a tax which appears to be 'arbitrary and excessive' on the facts found by the Board, the decision is reversed and the case is remanded with directions to the Board to proceed to final decision in accordance herewith. * * * The Board should consider the testimony already taken and such further competent testimony as may be offered."

See, also, Johnson v. Commissioner of Internal Revenue (C.C.A.8) 88 F.(2d) 952.

■ We think the Board of Tax Appeals should, under the peculiar facts here existing, have afforded the taxpayer an opportunity of showing if he could what part of the levee taxes paid were assessed against local benefits of a kind tending to increase the value of the property assessed.

The decision of the Board of Tax Appeals, in so far as it constitutes a determination that the basis for determining gain or loss on the sale by petitioner of its Louisiana timber lands was the basis which the lands had in the hands of the transferor, J. H. Hines Company, is affirmed.

The case is, however, remanded to the Board of Tax Appeals, with directions to give to the taxpayer an opportunity of showing, if he can, what part of the levee taxes paid were assessed against local benefits of a kind tending to increase the value of the property assessed within the meaning of the revenue acts.

In case evidence is produced which will enable the Board to allocate the capitalizable items, the Board is directed to determine the deficiencies assessed; and the case is remanded, with instructions for further proceedings in accordance with this opinion.