## WESTERN FIRE INS. CO. v. UNIVERSITY CITY.

## HOME FIRE & MARINE INS. CO. v. SAME.

### Nos. 12095, 12096.

Circuit Court of Appeals, Eighth Circuit.
Jan. 15, 1942.

Rehearing Denied Feb. 2, 1942.

Vincent L. Boisaubin, of St. Louis, Mo. (Joseph H. Grand, Web A. Welker, and Jones, Hocker, Gladney & Grand, all of St. Louis, Mo., on the brief), for appellants.

Marvin E. Boisseau and John W. Calhoun, both of St. Louis, Mo., for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

GARDNER, Circuit Judge.

There are here involved two cases, in each of which appellee as plaintiff recovered a judgment upon a fire insurance policy, one against the Home Fire and Marine Insurance Company, and the other against the Western Fire Insurance Company. The policies are identical in their terms, are dated the same date, issued through the same agency, describe the same property, and are for the same amount,

each being for $7,500. It was stipulated in the trial court that the suit against the Home Fire and Marine Insurance Company should abide the result of the suit against the Western Fire Insurance Company. By stipulation of the parties both cases are presented here on the same record.

This is the second appeal to this court, the opinion on the first appeal being reported as University City, Missouri v. Home Fire & Marine Insurance Co., 8 Cir., 114 F.2d 288, 298. In that opinion the facts bearing upon the issues there determined are set out in considerable detail and need not here be restated. On the former appeal the contest was directed to the question whether the property damaged or destroyed by fire was covered by the insurance policy, it being contended by the insurance company that it was not. On the first trial, the trial court submitted this issue to the jury to be determined as a fact. On appeal, this court held that on all the evidence, the policy was reasonably capable of being construed as describing the property damaged by the fire as a matter of law, and hence, plaintiff's motion for an instructed verdict should have been sustained. In reversing the case, this court said: " * * * that the question of the construction of the policy was in the first instance a question of law for the court; and that in view of the undisputed facts the policy is reasonably capable of being construed as describing the property damaged by the fire as a matter of law. The motion for an instructed verdict for the plaintiff should have been sustained. The result is that the judgments must be reversed. There remains as a result also, for determination by the district court, the issue with reference to attorney fees and alleged damages for vexatious delay.

"The judgments appealed from are accordingly reversed, with instructions to grant a new trial in accordance with the law as announced herein."

The case was again tried, and it appears from the record that the plaintiff made no attempt to limit the issues to the question with reference to attorney fees and alleged damage for vexatious delay, but made proof of the issuance of the policy, the damage by fire, and offered testimony for the purpose of identifying the property damaged as that described in the insurance policy. There was testimony with reference to the value of the legal services rendered in prosecution of the suits against the insurance companies. The plaintiff having introduced testimony going to the identification of the property as that described in the policy, the defendants attempted to meet that evidence with testimony tending to show that the property damaged was not that described in the policy. At the close of all the testimony, the court, by its instructions, took from the jury all questions relating to the liability of the defendant on the policy, on the ground that the language of the policy was capable of being so construed as to cover the property of the plaintiff which was damaged by fire, and directed the jury to return a verdict in the sum of $7,500, together with interest from June 27, 1938. At the close of all the evidence, defendant asked the court to charge the jury that there was no evidence of vexatious refusal to pay on the part of the defendant and therefore no allowance should be made the plaintiff for alleged vexatious refusal to pay or for attorney fees. This request was denied and an exception saved.

The appellants seek reversal on the grounds that: (1) the court erred in directing the jury to return a verdict for the plaintiff for the amount named in the policy, and (2) the court erred in refusing to direct the jury to return a verdict for defendant on the question of vexatious delay.

At the very outset we are confronted with the question as to what remained open for decision by the trial court in view of the prior opinion of this court in this litigation. Ordinarily, what has been decided on one appeal can not be relitigated on a second trial of the same suit, unless the evidence introduced in the second trial is substantially different from that considered on the first appeal. Aetna Life Ins. Co. v. Wharton, 8 Cir., 63 F.2d 378; New York Life Ins. Co. v. Golightly, 8 Cir., 94 F.2d 316; Northern Pac. Ry. Co. v. Van Dusen Harrington Co., 8 Cir., 60 F.2d 394; Messinger v. Anderson, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152. True, the doctrine of the law of the case is a rule of practice and not a limitation of power, yet it will not, except for very cogent reasons, be departed from. Chicago, St. P. M. & O. Ry. Co. v. Kulp, 8 Cir., 102 F.2d 352, 133 A.L.R. 1445; Pennsylvania Mining Co. v. United Mine Workers, 8 Cir., 28 F.2d 851, 853. In the last cited case, this court said:

"There should be and is an exception to this rule, viz.: If convinced that a former decision is clearly erroneous and unsound, and works manifest injustice to the parties,

an appellate court should not deem itself bound as to such parties by the rule of 'law of the case.'"

■ We have reexamined the issue there decided and are not convinced that our former decision was clearly erroneous or that it works manifest injustice to the parties. An examination of the record convinces that the evidence is substantially the same as that presented on the former appeal. Following the law of the case, the trial court instructed the jury that under the undisputed facts the policy was reasonably capable of being construed as describing the property damaged by fire as a matter of law, and that being true the jury was instructed to return a verdict for the plaintiff. We are of the view that there was no error in this action of the court.

■ There remains for consideration the issue, which was really the only one submitted to the jury for its determination, as to whether the insurance company was guilty of vexatious refusal to pay. This question was not involved on the first appeal as the defendant recovered judgment and the appeal was therefore prosecuted by the plaintiff. That question was neither briefed, argued, nor considered by the court, and hence, the doctrine of the law of the case can have no bearing on that issue. It is noted that there is no evidence having any direct bearing on the question of vexatious refusal to pay. Any evidence tending to sustain that issue in favor of the plaintiff must be inferred from the entire record and the attending circumstances. There was no evidence of a recalcitrant attitude prior to the commencement of the action nor during its conduct. As has been observed, the major issue was whether the policy described the property damaged by fire, or other property owned by the insured but not damaged by fire. That was not a frivolous defense. Plaintiff in the first instance recognized that it was necessary to introduce evidence outside of the policy to show that the property damaged was in fact that described in the policy. Even at the present trial, plaintiff on its own initiative introduced in its main case oral evidence of the same character. The trial judge in the first trial was of the view that the evidence was such as to make this issue one of fact, which was submitted to the jury and the jury returned a verdict in favor of the defendant, thus finding as a fact that the property damaged was not the property described in the insurance policy. When the case was presented to this court on the same issue, one of the judges dissented, being of the view that the trial judge was right in submitting the question to the jury as one of fact and that the verdict of the jury was sustained by substantial evidence.

■ The penalties for vexatious refusal to pay, recoverable by virtue of Section 6040, Revised Statutes of Missouri, 1939, are not to be assessed where defendant in good faith contests the liability under the policy. Such penalties should not be inflicted unless the evidence and circumstances show that such refusal was willful and without reasonable cause as the facts appeared to a reasonable and prudent person before the trial. The fact that the judgment upon trial may be adverse to the insurer is not conclusive, nor indeed persuasive. Non-Royalty Shoe Co. v. Phoenix Assur. Co., 277 Mo. 399, 210 S.W. 37; State ex rel. Continental Life Ins. Co. v. Allen, 303 Mo. 608, 262 S.W. 43; Third Nat. Bank v. Yorkshire Ins. Co., 218 Mo.App. 660, 267 S.W. 445; Waddle v. Commonwealth Ins. Co., 184 Mo.App. 571, 170 S.W. 682; Aufrichtig v. Columbian Nat. Life Ins. Co., 298 Mo. 1, 249 S.W. 912; State ex rel. Gott v. Fidelity & Deposit Co., 317 Mo. 1078, 298 S.W. 83.

■ The legal questions involved were clearly such that lawyers "might well differ honestly and reasonably thereon." In fact, of the four judges who considered the case, the trial judge and the three judges of this court, two were of the view that the question as to whether the property damage was described in the policy was one of fact. On the first trial, the trial judge sustained the views of the defendant as to the issue of law and at that trial the jury sustained the contention of defendant as to the issue of fact.

As we have already pointed out, there was no evidence of vexatious delay or refusal to pay. When the case was tried the second time, it was the plaintiff who presented the proof on the same issue that had theretofore been determined in its favor without any suggestion that the issue should be limited. In this state of the record the defendant can not well be criticized for again offering its evidence on the same issue. In fact, it had a right to contend that neither the trial court nor this court was bound, under the doctrine of the law

of the case, to follow the prior decision of this court. Indeed, we have not always done so. American Surety Co. v. Bankers' Savings & Loan Ass'n, 8 Cir., 67 F.2d 803. As already noted, the doctrine of the "law of the case" is a rule of practice and not a limitation of power. Here the decision of this court was not unanimous and it reversed the decision of the trial court. Under these circumstances, it can not, we think, reasonably be urged that an attempt to relitigate this issue was evidence of a recalcitrant attitude.

The Supreme Court of Missouri in Non-Royalty Shoe Co. v. Phoenix Assur. Co., supra [277 Mo. 399, 210 S.W. 42], in an opinion by the late Judge Faris, among other things, said: "This is a penal—indeed a highly penal—statute, and so it ought to be strictly construed. No one ought to be allowed to profit by it, unless he brings himself strictly within the letter of its provisions. * * * If the fact of an adverse decision is to constitute the sole and decisive test, it would be fairly plain that this court was in error when it held the statute to be constitutional; for it is only upon the fundamental ground of a vexatious refusal to pay that the penalty inflicted by the statute can be upheld. The defendant is to be allowed to entertain an honest difference of opinion as to its liability, or as to the extent of such liability under the contract of insurance, and to litigate that difference; otherwise the provision of the statute is obviously so shot through with duress as to be invalid upon any view."

Again, in Aufrichtig v. Columbian Nat. Life Ins. Co., supra [298 Mo. 1, 249 S.W. 917], the Supreme Court of Missouri said: "It will not do to say that insurance companies, acting in good faith, may not contest either an issue of fact or an issue of law, without subjecting itself to the penalties of the statute."

The Supreme Court of Missouri has indicated that where lawyers might well differ as to the issue, the question of vexatious delay should not be submitted to the jury. Thus, in State ex rel. Gott v. Fidelity & Deposit Co., supra [317 Mo. 1078, 298 S.W. 91], the court said: "The legal questions raised by the respondent's petition were such that lawyers well might differ, honestly and reasonably, thereon. In these circumstances it was error to submit the question of vexatious delay."

True, there are cases in which, notwithstanding the presence of a good faith defense, there might, nevertheless, be evidence to show that the defendant's conduct was recalcitrant and willfully obstructive, but here there is a total absence of any such evidence.

We conclude that the court was in error in denying defendant's motion for an instructed verdict on the issue of vexatious delay. The case is therefore remanded with directions to eliminate from the judgments the damages assessed as penalties for vexatious delay, and as so modified the judgments appealed from are affirmed.