## STOCK YARDS NAT. BANK OF SOUTH ST. PAUL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13679.

Circuit Court of Appeals, Eighth Circuit.

Aug. 18, 1948.

Grant W. Anderson, of Minneapolis, Minn., for petitioner.

Harry Marselli, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., and Sewall Key and Helen Goodner, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before THOMAS, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is the second petition to review a decision of the Tax Court in this case.

In March 1938, petitioner, through a corporate reorganization as defined in section 112(g) (1) (C) of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Code, § 112(g) (1) (D), acquired two farms, known as the Stebbins and McBride farms, from the Stock Yards Mortgage Company. The mortgage company acquired the McBride farm in 1932 at a foreclosure sale at a cost of

$3,672.90. It acquired the Stebbins farm in 1922 at a foreclosure sale at a cost of $13,230.15. As of December 31, 1937, the McBride farm was carried on the books of the mortgage company at a value of $2,600 and the Stebbins farm at a value of $14,-864.66. In 1939 petitioner sold the Stebbins farm for $100 and the McBride farm for $1,209.50. In its 1939 income tax return it claimed a deduction from gross income for a loss of $16,155.16 sustained on the sale of the farms, computing the loss by adopting as petitioner's basis for the determination of gain or loss on the sale of the farms the value at which the farms were carried on the books of the mortgage company on December 31, 1937, and by deducting from this basis the amounts received by petitioner on the sale of the farms.

The Commissioner denied the deduction on the ground that the farms were not acquired in a corporate reorganization but through a settlement of accounts between petitioner and the mortgage company, holding that the value of the farms when acquired by petitioner constituted their cost basis for the computation of gain or loss when sold by petitioner, and that since this value was equal to the amounts received on the sale of the farms petitioner had sustained no loss.

In the first hearing before the Tax Court, the decision was that the petitioner had not acquired the farms in a reorganization as defined by the section of the act relied upon. The Commissioner's determination was approved. At a rehearing, at which additional evidence was received, the Tax Court reversed its position on this issue. It held, however, that the fundamental issue in the case was the question of the basis in the hands of the petitioner for the computation of gain or loss on the sale of the farms, that basis to be determined under section 113(a) (7) (B) of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Code, § 113(a) (7) (B), which provides that in a taxable year beginning after December 31, 1935, where property is acquired by a corporation in connection with a reorganization, "then the basis shall be the same as it would be in the hands of the transferor,

increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made."

On consideration of the evidence before it, the Tax Court reached the conclusion that it was impossible to determine from any of the evidence in the record the amount of petitioner's basis for the computation of the loss which it claimed; and, holding that the burden to prove the loss was upon the petitioner, it denied the deduction claimed by petitioner. The Tax Court denied the motion of petitioner to reopen the case to permit the petitioner to offer evidence to establish its basis for the computation of gain or loss on the sale of the farms.

On review of the Tax Court's decision by this court, petitioner assigned error in the ruling of the Tax Court on the burden of proof, relying on Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623, as authority for the contention that, since the Commissioner had, in the first instance, erroneously ruled that petitioner's basis was not the same as the basis of the mortgage company, adjusted as required by the applicable revenue act, the burden shifted to the Commissioner. Petitioner also contended that the amount of its basis for the computation of gain or loss on the sale of the farms was never in issue in the Tax Court; that, if the amount of petitioner's basis was in issue, the evidence offered by petitioner in the Tax Court was sufficient to sustain the burden upon it; and that the Tax Court's ruling that petitioner's basis was the same as the basis in the hands of the mortgage company at the time of the transfer from the mortgage company to petitioner, adjusted as required by section 113(a) (7) (B) of the Revenue Act of 1938, was erroneous, on the ground that neither gain nor loss was recognized to the mortgage company on a transfer in reorganization.

In opinion of this court (8 Cir., 153 F.2d 708) each of petitioner's contentions was ruled against it. The decision was that the basis for the computation of gain or loss on the sale of the farms by petitioner was

(1) the same as the basis in the hands of the mortgage company, (2) adjusted for items properly chargeable to capital and depreciation for the period during which the farms were held by the mortgage company, (3) increased in the amount of gain or decreased in the amount of loss recognized to the mortgage company upon the transfers to petitioner, and (4) adjusted for items chargeable to capital and depreciation for the period during which the petitioner owned the farms; and that the burden of proof on petitioner extended to all four of these factors necessary to the determination of its basis.[1] Burnet v. Houston, 283 U.S. 223, 227, 51 S.Ct. 413, 75 L.Ed. 991; and Bennett v. Commissioner, 8 Cir., 139 F.2d 961, 963, were cited as authorities for the decision that, since petitioner claimed a deduction from income, it was under the burden of proving facts necessary to establish its right to take the deduction, claimed, and also under the burden of proving the amount of the deduction. 8 Cir., 153 F.2d 710. However, the court concluded (8 Cir., 153 F.2d 712) that, since it appeared that the Commissioner's denial of the deduction claimed by petitioner was "induced by a clear mistake of law" and that the case had reached decision in the Tax Court without consideration by either the Tax Court or the Commissioner of the facts necessary to determine the amount of petitioner's basis for the computation of gain or loss on the sale of the farms, the Tax Court should, in the interest of justice, have granted the petitioner's motion to reopen the case for the receipt of the necessary proof. The case was remanded to the Tax Court for that purpose.

■ This court's decision became the law of the case. The questions decided on the first review by this court are not open to relitigation in the Tax Court or on the second review in this court, unless the evidence introduced on the second trial is substantially different from that on the first. Millers' Mutual Fire Ins. Ass'n. of Illinois v. Bell, 8 Cir., 99 F.2d 289, 292; Western Fire Ins. Co. v. University City, 8 Cir., 124 F.2d 698, 699.

Although petitioner had convinced this court on the first review that it was entitled to an opportunity to present to the Tax Court the evidence necessary to establish the amount of its basis for the computation of the loss claimed, it took the position at the beginning of the second hearing in the Tax Court that the obligation to go forward with the testimony was upon the Commissioner and not upon the petitioner, again relying on Helvering v. Taylor, supra, and like cases. This contention having been denied, petitioner offered additional evidence, documentary and oral, to establish the amount of its basis for the computation of the loss claimed. This evidence is not included in the record on this petition to review.

■ The Tax Court, applying the law declared by this court in its first opinion, again held that the evidence on behalf of petitioner was insufficient to establish the facts necessary to the computation of the loss claimed. Specifically the Tax Court held that it was impossible on the record before it to determine whether the mortgage company realized a gain or sustained a loss on the transfer of the farms to petitioner. The result is that this case makes its second appearance here on evidence not substantially different on any material point from that on its first appearance, and that the questions for decision on this review are the same as those decided against petitioner on the first review. Petitioner again contends that the burden of proof in this case is on the Commissioner, that neither gain nor loss is recognized to the mortgage company under section 113(a) (7) (B) of the Revenue Act of 1938 on the transfer of the farms from the mortgage company to petitioner, and that the findings and conclusions of the Tax Court are not supported by the evidence.

In the absence of all the evidence on which the Tax Court reached its decision

[1] Pertinent sections of the applicable revenue act are set out at length in the footnotes, and the evidence which is held insufficient to sustain the burden upon the petitioner to determine the basis in the hands of petitioner for the computation of gain or loss upon the sale of the farms is discussed in detail in the first opinion of this court. It is unnecessary to repeat either here.

against petitioner, we must accept its findings of fact; and, applying the rule of the law of the case, the judgment of the Tax Court should be affirmed.

Judgment affirmed.