## WOLFSON v. REINECKE.
### No. 5111.

Circuit Court of Appeals, Seventh Circuit.
June 30, 1934.

Peter Sissman, of Chicago, Ill., for appellant.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Lucius A. Buck, Sp. Assts. to Atty. Gen., and Dwight H. Green, U. S. Atty., of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and FITZHENRY, Circuit Judges.

FITZHENRY, Circuit Judge.

This appeal involves income taxes for the year 1919, in the amount of $31,289.55, principal, and interest in the amount of $1,668.78, making a total of $32,958.33. Appellant has paid the tax and seeks to recover $19,879.50 thereof. From the judgment of the District Court in favor of appellee, this appeal is prosecuted.

From 1903 to September, 1919, appellant and one Adelman were doing business as a partnership. September 20, 1919, the partnership was dissolved. Appellant sold his entire interest in the partnership business to Adelman for $280,000, to be paid, $150,000 cash, the remainder, $130,000, by two promissory notes, one for $80,000, the other for $50,000, executed by Adelman. The first note, payable March 1, 1920, was indorsed by two persons of good credit standing theretofore designated by the parties, but who were strangers to the transaction. The second note was payable on demand, but it was agreed that no demand should be made prior to March 1, 1920. There was no reason to question Adelman's credit at the time, and both notes were afterward paid by him.

In appellant's income tax return for the year 1919, the amount represented by the two promissory notes was not included. Subsequently a deficiency tax in the amount of $31,289.55 was imposed by the Commissioner. The appeal was prosecuted to the Board of Tax Appeals, which approved the deficiency. After the decision of the Board and the beginning of payment on October 9, 1925, ending July 17, 1928, payments totaling $19,-879.50 in cash were made by appellant. The remainder of the deficiency, $11,410.05, was paid by means of abatement credits allowed for subsequent years. Appellant made his income tax returns on the annual "receipt" basis.

March 18, 1928, appellant filed a claim for a refund of all cash payments made on the deficiency to that date. The claim was rejected August 10, 1928, and this suit was instituted September 20th following. The question involved is: Where a taxpayer in 1919 sells and transfers his interest in a partnership business and receives approximately one half of the sale price in cash and the other half in short-term promissory notes, is the entire amount of the sale price including the notes, at their face value, to be considered in arriving at the amount of the taxpayer's taxable gain for the year, under sections 202 and 213 (a) of the Revenue Act of 1918 (40 Stat. 1060, 1065)?

It is the contention of appellant that, because the promissory notes were not paid within the taxable year, therefore they should not have been taken into consideration by the Commissioner in assessing the deficiency tax which is involved here.

This case must be ruled by Pinellas Ice & Cold Storage Co. v. Commissioner of Internal Revenue, 287 U. S. 462, 53 S. Ct. 257, 259, 77 L. Ed. 428. There there was a sale and purchase of property for a definite sum of money. Part was paid in cash and for the balance the purchaser executed three promissory notes secured by the deposit of mortgage bonds. The notes were payable with interest in 45, 75, and 105 days, respectively. The Supreme Court said:

"These notes—mere evidence of obligation to pay the purchase price—were not securities within the intendment of the act and were properly regarded as the equivalent of cash. It would require clear language to lead us to conclude that Congress intended to grant exemption to one who sells property and for the purchase price accepts well secured, short-term notes (all payable within four months), when another who makes a like sale and receives cash certainly would be taxed. We can discover no good basis in reason for the contrary view and its acceptance would make evasion of taxation very easy. In substance the petitioner sold for the equivalent of cash; the gain must be recognized."

The court, in Rusk v. Commissioner (C. C. A.) 53 F.(2d) 428, denied the contention of the taxpayer that promissory obligations might not be included in taxable income until paid.

Appellant attacks the authority of the Treasury Department to promulgate article 42 of Regulations 45, upon the theory that it is violative of the Constitution of the United States. Article 42 is clearly within the authority granted to the Secretary of the Treasury to promulgate rules and regulations to aid in the collection of the tax levied by the statute, and is, in a measure, an aid to both the taxpayer and the collectors of internal revenue. If it had never been promulgated it would have made no difference in the instant case. The levying of the tax in question involves no taking of private property for public use without just compensation, nor has the promulgation by the Treasury Department of article 42 of the Regulations authorized the enhancing of tax burdens, nor a vesting of the Treasury Department with legislative powers, as contended.

The judgment of the District Court is affirmed.