## CHEROKEE MOTOR COACH CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### LEVAN v. SAME (two cases).

### Nos. 9411–9413.

Circuit Court of Appeals, Sixth Circuit.

June 1, 1943.

Fred M. Williams, of Chattanooga, Tenn., for petitioners.

N. Barr Miller, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, and N. Barr Miller, all of Washington, D. C., on the brief), for respondent.

Before HICKS, HAMILTON, and MARTIN, Circuit Judges.

HAMILTON, Circuit Judge.

The Board of Tax Appeals (now the United States Tax Court) sustained respondent's determination of a deficiency in income taxes of the corporate petitioner, the Cherokee Motor Coach Company, for the year 1935 in the sum of $3,968.17; of the individual petitioners, John Howry Levan and James Buford Levan for the same year in the sums of $1,518.36 and $2,-313.72 respectively. These are proceedings to review the decisions of the Board. The additional taxes grow out of income determined by respondent to have arisen out of the following transactions:

During the calendar year 1935, the corporate petitioner sold to the Southeastern

Greyhound Lines for the sum of $45,000, a public franchise exemplified by a certificate of convenience and necessity issued by the State of Tennessee for the operation of a bus line between the cities of Chattanooga and Manchester, Tennessee. The consideration was payable, $6,000 in cash, and $39,000 in forty-eight promissory notes in the amount of $812.50 each. As a part of the consideration for the contract of sale, the seller and the petitioners, John Howry Levan and James Buford Levan, stockholders of the seller, agreed that none of them would compete with the purchaser for a period of ten years from the date of the contract, either by operating a bus line or owning stock in any company engaged in a similar business between the cities of Chattanooga and Nashville, Tennessee, or beyond the present operation of the seller between the towns of Nashville, Tennessee, and Tullahoma and Nashville, Tennessee, and McMinnville. The corporate petitioner received all of the consideration for the sale, but immediately indorsed the forty-eight promissory notes each in the sum of $812.50 and divided them between individual petitioners. The notes were paid as they matured and each of the Levans received on this account, $3,250 during 1935. The Commissioner determined a profit of $45,000 arising from the sale of the franchise and included this sum in the corporate petitioner's gross income.

The corporate petitioner insists that the Board erred in failing to credit $6,000 of the profit from the sale of the franchise to it and $39,000 to the individual petitioners, its stockholders. The premise for its contention is that previous to the sale the individual petitioners had owned the franchise and had transferred it to the corporation with the understanding that they retain an interest in it, and further that the individual stockholders received a part of the consideration because of their agreement to refrain from competition with the purchaser of the franchise.

The Board stated in its opinion that "We reach this result with diffidence in a case submitted entirely upon stipulated facts but, though reluctantly, we must determine that petitioners have not produced sufficient facts for us to conclude that the respondent was wrong in determining either that the property sold belonged to the corporation or that the entire gain was taxable to it." Petitioner

urges on us that it carried the burden of showing that the Commissioner's determination was an arbitrary apportionment of profit between the parties to the sales contract and that having shown that the tax imposed was excessive, the burden returned to the respondent to show what tax, if any, was in fact due from the petitioner, which burden respondent failed to carry. Helvering v. Taylor, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623. As we view the evidence, the Commissioner and the Board had evidentiary support for their determination. The corporate petitioner in its original income tax return for the calendar year 1935, included in capital gain the entire profit arising from the sale of the franchise which it stated to be $15,000 determined by using a cost base of $30,000. The only evidence on which the corporate petitioner relies to avoid its admission made under oath in its return, is that it immediately on receipt of the notes, transferred them to its stockholders. This was insufficient. Rusk v. Commissioner, 7 Cir., 53 F.2d 428.

The Board found in effect that the corporate petitioner was the owner of the franchise and that it had realized all of the profit from the sale. This finding is supported by substantial evidence and justifies the conclusion reached by the Board. Under such circumstances, the decision of the Board on this point should be affirmed. General Utilities & Operating Company v. Helvering, 296 U.S. 200, 206, 56 S.Ct. 185, 80 L.Ed. 154; Helvering v. Rankin, 295 U.S. 123, 131, 55 S.Ct. 732, 79 L.Ed. 1343; Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289.

The Board found that the individual petitioner John Howry Levan had exchanged stock and notes owed by the corporate petitioner to him for the notes of the corporate petitioner arising out of the franchise sale and by reason thereof he had realized a gain of $17,387.89. The Board found that the individual petitioner James Buford Levan had received a taxable dividend from the corporate petitioner equal to the face value of the notes the corporate petitioner had distributed to him.

The individual petitioners contend that each made his income tax return on the cash basis and that therefore each is taxable only to the extent of the cash received by him on notes paid during the year. This contention is without merit.

■■ It is clear the term "income" as used in the Sixteenth Amendment and in the Revenue Statutes is not limited to cash income. United States v. Phellis, 257 U. S. 156, 175, 42 S.Ct. 63, 66 L.Ed. 180. The Statutes specifically tax income "of whatever kind and in whatever form paid." Section 22(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 22(a). It is patent that in the determination of income when the so-called cash receipt basis is used, the taxpayer must take into account property to the extent of its cash equivalent or, in other words, the fair market value of property received in lieu of cash. Pinellas Ice Company v. Commissioner, 287 U.S. 462, 469, 53 S.Ct. 257, 77 L.Ed. 428; Wolfson v. Reinecke, 7 Cir., 72 F.2d 59.

The orders of the Board are affirmed.