Carl C. Moore and Marion Moore v. Commissioner. C. Price Cooper and Corene Cooper v. Commissioner.
Moore v. Commissioner
Docket Nos. 74175, 74176.
United States Tax Court
T.C. Memo 1961-221; 1961 Tax Ct. Memo LEXIS 133; 20 T.C.M. (CCH) 1083; T.C.M. (RIA) 61221; July 31, 1961
*133 Held: On the record presented, petitioners have failed to establish the adjusted basis as to any of the five tracts sold by them in 1954 and 1955. Held further: The two sales of jointly owned property, one on December 17, 1954, and one on November 18, 1955, gave rise to taxable gains in those years. Held further: Additions to tax under section 294(d)(1)(A) of the Internal Revenue Code of 1939 sustained. Lee S. Jones, Esq., Kentucky Home Life Bldg., Louisville, Ky., for the petitioners. Mark H. Berliant, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in income tax and additions to tax of the petitioners in the years and amounts as follows: Additions to Tax
Docket
Deficien-
Sec. 294
Sec. 294
Number
Petitioners
Year
cies
(d)(1)(A)
(d)(2)
74175
Carl C. Moore and Marion Moore
1954
$1,279.52
1955
2,986.61
1956
7.77
74176
C. Price Cooper and Corene Cooper
1954
515.80
$146.92
$95.29
1955
2,363.51 By amended answers, respondent claims additional deficiencies in each case as follows: Additions to Tax
Docket
Deficien-
Sec. 294
Sec. 294
Number
Petitioners
Year
cies
(d)(1)(A)
(d)(2)
74175
Carl C. Moore and Marion Moore
1954
$1,881.05
74176
C. Price Cooper and Corene Cooper
1954
1,456.62
$134.72
$87.40
On *134 brief, respondent concedes that the petitioners in Docket No. 74176 are not liable for additions to tax under section 294(d)(2). Petitioners in Docket No. 74175 have conceded liability for the deficiency for the year 1956. The issues presented arose primarily out of the sales of certain tracts of real estate by petitioners in the years 1954 and 1955. Undivided 1/3 interests in a part of the land involved were originally acquired by petitioners C. Price Cooper and Marion Moore, in 1935 upon the death of their father intestate. This inherited property was partitioned in 1949, at which time each of said petitioners acquired fee simple title to certain designated portions thereof. An undivided 1/3 interest in the other lands involved, which was never partitioned, was acquired by each of said petitioners as remaindermen under a deed executed by their grandfather in 1913, the life tenant having died in 1952. The issues presented are as follows: (1) What are the bases of the various tracts of real estate sold by petitioners in the years 1954 and 1955. (2) Whether the sales of two of the tracts, one in 1954 and one in 1955, gave rise to recognizable capital gain in those years. (3) Whether *135 petitioners C. Price Cooper and Corene Cooper in Docket No. 74176 are liable for additions to tax under section 294(d)(1)(A) of the Internal Revenue Code of 1939 for the year 1954. Findings of Fact Carl C. Moore and Marion Moore are husband and wife and reside in Fern Creek, Kentucky. C. Price Cooper and Corene Cooper are husband and wife and reside in Louisville, Kentucky. Each of these couples filed joint income tax returns for the years involved with the district director of internal revenue for the district of Kentucky. Petitioners reported their income on the cash and calendar year basis. C. Price Cooper and Marion Moore are brother and sister, two of the three surviving children of Charles L. and Devona Cooper, and will sometimes hereinafter be referred to as the petitioners, their respective spouses having been joined herein by reason of having filed joint returns. The third child, Lindsey G. Cooper, and his wife, Vida Cooper, are not parties to these proceedings. On May 24, 1913, Samuel Q. Cooper conveyed to his son, Charles L. Cooper, the fee simple title to a tract of land (hereinafter referred to as the "C. L. Cooper Tract") containing 107.67 acres in Jefferson County, Kentucky, *136 in consideration of "love and affection" and the payment of $150 per year to the grantor during the remainder of his life. On the same date, May 24, 1913, Samuel Q. Cooper conveyed to his daughter, Nannie E. Young, a life estate in an adjoining tract of land containing 110.25 acres (hereinafter referred to as the "N. E. Young Tract") with remainder in fee to her children, if any, and if none, to Charles L. Cooper or his surviving children, in consideration of "love and affection" and the payment of $100 per year to the grantor during the remainder of his life, payable beginning October 1, 1913, by the life tenant or remaindermen in possession, for which a lien was retained. Both tracts were described by courses and distances and from references therein were apparently bounded on the east by the Louisville and Shepardsville Turnpike (now Preston Road) and on the west by Blue Lick Road. Samuel Q. Cooper died in August 1917. Charles L. Cooper died intestate on August 16, 1935, survived by his widow, Devona Cooper, and three children, C. Price Cooper, Marion C. Moore and Lindsey G. Cooper. Prior to his death, Charles L. Cooper, by deed dated April 15, 1926, conveyed four acres, more or *137 less, of the C. L. Cooper Tract to John W. Holtsclaw and his wife, in consideration "in part valuable" and $1,332 evidenced by three notes of $444 each, payable in one, two and three years, respectively, with interest at six percent. The land conveyed was described by courses and distances and was bounded on the east by Preston Road. Upon the death of Charles L. Cooper, his three children each acquired an undivided 1/3 interest in the remaining portion of the C. L. Cooper Tract, subject to a life estate in Devona Cooper. Devona and the three children of Charles conveyed one acre, adjacent to the Holtsclaw tract and fronting on Preston Road, to Robert E. Cody on August 25, 1938, for $500. Devona Cooper died June 1, 1947. By reciprocal deeds of purchase and division dated July 23, 1949, the three surviving children of Devona and Charles acquired fee simple interests in the C. L. Cooper Tract as follows: [1] *138 Revenue
Value per
Amount of
Stamps
Revenue
Grantees
Land
on Deeds
Stamps
Marion C. Moore and Carl Moore (husband)
42.03 acres
$3.85
$3,500
Lindsey G. Cooper and Vida Cooper (wife)
13.505 acres
6.60
6,000
C. Price Cooper and Corene Cooper (wife)
44.186 acres
3.85
3,500
By deed dated July 15, 1950, Devona Cooper (widow), [2] C.P. and Corinne Cooper, and Carl C. and Marion C. Moore, conveyed their interests in nine-tenths of an acre of the C. L. Cooper Tract to Lindsey G. and Vida L. Cooper for a consideration not shown. Revenue stamps in the amount of 55 were attached to the deed. Nannie E. Young died November 23, 1952, leaving no children. Upon her death, C. Price Cooper, Lindsey G. Cooper and Marion C. Moore, the surviving children of Charles L. Cooper, as remaindermen under the deed dated May 24, 1913, from Samuel Q. Cooper *139 to Nannie E. Young and others, each acquired an undivided 1/3 interest in fee in the N. E. Young Tract. This land was not partitioned. Beginning in 1952, Sarah B. Compton and her son, James W. Compton, real estate brokers, began purchasing and developing portions of the land herein involved. In general, the Comptons would purchase a tract of land containing an undesignated number of acres, for the purpose of developing and selling it as lots. At the time of purchase the purchaser would give his or her promissory note payable without interest, in some instances in three years and in some instances in five years. The amount of the note was determined on the basis of a fixed amount per lot into which the tract had been or it was proposed that the tract would be subdivided. A mortgage lien securing payment of the note was retained by the seller, and the seller agreed to release individual lots as they were sold and the agreed amount per lot paid by the Comptons. Carl C. and Marion Moore sold portions of the 42.03 acres conveyed to them upon the partitioning of the C. L. Cooper Tract in 1949, as follows: (1) By general warranty deed dated June 16, 1952, Carl C. and Marion Moore conveyed *140 to Sarah B. Compton the fee simple title to a tract of land containing an undesignated number of acres "for a valuable consideration paid, the receipt of which is hereby acknowledged, and for the further consideration of $20,800" for which the second party gave her promissory note, for payment of which a lien was retained, payable in three years without interest at the rate of $650 per lot when sold. The deed recited that the second party (purchaser) contemplated dividing the land into 32 building lots and first parties (sellers) agreed, upon receipt of $650 for each lot sold, to join in a deed conveying such lot or lots for the sole purpose of releasing the lien. The note therefor was finally released on July 25, 1955. (2) On February 5, 1953, Carl C. and Marion Moore conveyed by general warranty deed what appears to be two lots located on "High School Drive" for "a valuable consideration" received and the further consideration of a promissory note in the amount of $1,300, secured by a lien, payable without interest in three years at the rate $650of per lot. The note was released on May 15, 1953. (3) By general warranty deed dated April 6, 1953, Carl C. and Marion Moore conveyed to *141 Sarah B. Compton the fee simple title to a tract of land containing an undisclosed number of acres "for a valuable consideration paid, receipt of which is hereby acknowledged, and the further consideration of $22,700" for which the second party executed a promissory note, for the payment of which a lien was retained, payable in three years without interest at the rate of $400 per lot (8) fronting on "Sarah Drive" and $650 per lot (30) fronting on "Chesley Drive or High School Drive" when sold. Nineteen lots were released in 1953, 15 in 1954, and the remainder in 1955. (4) On January 30, 1954, Marion Cooper Moore and Carl C. Moore conveyed a portion of the C. L. Cooper Tract to Sarah B. Compton. The land was described by courses and distances, but the acreage thereof was not designated. This deed (omitting the description and the certificates attached thereto) was as follows: THIS DEED BY and BETWEEN: MARION COOPER MOORE and CARL C. MOORE, her husband, parties of the first part; and SARAH B. COMPTON, party of the second part: WITNESSETH: That for a VALUABLE CONSIDERATION paid, the receipt of which is hereby acknowledged, and the further consideration of FIFTEEN THOUSAND SIX HUNDRED *142 and 00/100 DOLLARS ($15,600.00) for which the party of the second part has executed one promissory note of even date herewith, payable to the order of Marion Cooper Moore and Carl C. Moore, Fern Creek, Jefferson County, Kentucky, on or before three years after date without interest thereon, payable at the rate of SIX HUNDRED FIFTY and 00/100 DOLLARS ($650.00) per lot divided and sold, and to secure the payment of said note a lien is hereby retained on the property herein conveyed, together with the rents, issues and profits thereof; FIRST PARTIES do hereby grant and convey unto the party of the second part in fee simple with convenant of GENERAL WARRANTY, the following described tract of land in Jefferson County, Kentucky, to wit: * * *
Being a part of the property conveyed to first parties by deed dated July 23, 1949 and of record in Deed Book 2520 Page 94 in the aforesaid Clerk's office. PROVIDED, HOWEVER, the parties of the first part convenant that they are lawfully seized of the estate hereby conveyed, have full right and power to convey the same, and that said estate is free from all encumbrances except State, County and School taxes assessed and payable in the year 1954, which *143 the party of the second part hereby assumes and agrees to pay. IT IS UNDERSTOOD by the parties hereto that second party will divide the hereinabove tract of land into 24 building plots, and in consideration of the foregoing first parties herein agree that upon receipt of the sum of SIX HUNDRED FIFTY and 00/100 ($650.00) for each parcel, that they will join in any deed of conveyance from said second party conveying such lot or lots for the purpose of releasing their vendor's lien herein retained on each of the lot or lots so conveyed. As a further consideration second party convenants and agrees until the terms of this deed have been fully complied with: 1. To pay promptly all taxes or other assessments now or hereafter levied against said property, and at the request of the holder or holders of said note to exhibit receipts therefor. 2. Should the second party fail to pay such taxes or assessments, or any of them, promptly, as same become due and payable, then, the holder or holders of said note may effect and pay for such taxes or assessments, and the money thus expended shall be deemed a part of the principal debt hereby secured, and shall be repaid upon demand, together with interest *144 at the rate of six per cent per annum, payable semi-annually thereon. 3. Should the second party fail to pay such taxes or assessments, as same become due and payable, before any interest or penalties accrue thereon, or fail upon demand of the holder or holders of said note to comply with the stipulations and covenants of this deed, or fail to pay said note, or any installment thereon, or interest thereon, within thirty days after same [becomes] due, then and in any of said events the holder or holders of said note may declare the whole indebtedness herein secured as at once due and may proceed to collect the same and enforce the lien created herein. IN TESTIMONY WHEREOF witness the signatures of the parties of the first part this 30 day of January, 1954. /s/ Marion Cooper Moore Marion Cooper Moore /s/ Carl C. Moore Carl C. Moore The records of the clerk of the Jefferson County Court indicate 21 Deeds of Release relating to the lien retained by the above deed were recorded in 1954 and that the lien was released in full on July 25, 1955. C. Price and Corene (sometimes spelled Corinne) Cooper sold portions of the 44.186 acres conveyed to them upon the partitioning of the C. L. Cooper *145 Tract in 1949, as follows: (1) On November 5, 1951, C. Price and Corinne Cooper conveyed two tracts of land (neither the description nor the acreage of which are shown) to Sarah B. Compton "for a valuable consideration receipt of which is hereby acknowledged" and the further consideration of a promissory note executed by second party in the sum of $12,000, payable on or before one year from date with interest at the rate of 6 percent from maturity, to secure the payment of which a lien was retained on the land conveyed. C. Price Cooper agreed to release the lien retained by him on each lot sold upon payment of $900 for each lot conveyed. Fourteen Deeds of Release were recorded, the last one on April 23, 1953. (2) On May 29, 1954, C. Price and Corinne Cooper conveyed to Sarah B. Compton a tract of land described by courses and distances, the acreage of which is not shown, and title to which is recited as having been acquired by two deeds, one dated July 23, 1949 (received by the first parties upon the partitioning of the C. L. Cooper Tract) and the other dated May 12, 1951. This deed (omitting the description and certificate of acknowledgment attached thereto) was as follows: THIS DEED *146 BY and BETWEEN: C. PRICE COOPER and CORINNE COOPER, his wife, parties of the first part; and, SARAH B. COMPTON, party of the second part: - WITNESSETH: That for a VALUABLE CONSIDERATION paid, the receipt of which is hereby acknowledged, and the further consideration of the sum of SEVENTEEN THOUSAND NINE HUNDRED EIGHTY and 00/100 DOLLARS ($17,980.00) for which the party of the second part has executed one promissory note of even date herewith, payable to the order of C. Price Cooper and Corinne Cooper, R.R. #4, Louisville, Jefferson County, Kentucky, on or before 3 years after date, without interest, and to secure the payment of said note a lien is retained on the property herein conveyed, together with the rents, issues and profits thereof; It is understood and agreed that the holder or holders of said note shall release all or any part of the property hereinafter described from the operation of this lien upon payment to the holder or holders of said note of a sum equal to $620.00 per lot; provided said note shall not be in default, and that any such release or releases are requested before maturity of said note; any such payment or payments made shall be properly applied to the payment *147 of the principal of said note as and when received. The parties of the first part hereby convey unto the party of the second part, in fee simple, with covenant of GENERAL WARRANTY, the following described real estate situated in Jefferson County, Kentucky, to wit: * * *
TITLE to said property having been acquired by said first parties by two deeds, one dated July 23, 1949 and of record in Deed Book 2517 Page 296 and the other dated May 12, 1951 and of record in Deed Book 2762 Page 197 both in the aforesaid Clerk's office. The parties of the first part further covenant that they are lawfully seized of the estate hereby conveyed, have full right and power to convey the same, and that said estate is free from all encumbrances except 1954 State, County and School taxes, which the party of the second part hereby assumes and agrees to pay. As a further consideration for this conveyance, the party of the second part covenants and agrees until the terms of this deed shall have been fully complied with: 1. To pay promptly all taxes or other assessments now or hereafter levied against said property, and at the request of the holder or holders of said note to exhibit receipts therefor. 2. Should *148 the second party fail to pay such taxes or assessments, or any of them, promptly, as same become due and payable, then, the holder or holders of said note may effect and pay for such taxes or assessments, and the money thus expended shall be deemed a part of the principal debt hereby secured, and shall be repaid upon demand, together with interest at the rate of six per cent per annum, payable semiannually thereon. 3. Should the second party fail to pay such taxes or assessments, as same become due and payable, before any interest or penalties accrue thereon, or fail upon demand of the holder or holders of said note to comply with the stipulations and covenants of this deed, or fail to pay said note, within thirty days after same become due, then, and in any of said events the holder or holders of said note may declare the whole indebtedness herein secured as at once due and may proceed to collect the same and enforce the lien created herein. IN TESTIMONY WHEREOF witness the signatures of the parties of the first part this 29th day of May, 1954. /s/ C. Price Cooper, C. Price Cooper /s/ Corinne Cooper, Corinne Cooper In addition to the consideration recited therein, first parties received *149 $1,020 as a down payment on said property, making the total consideration therefor $19,000. The records of the clerk of the Jefferson County Court indicate 26 Deeds of Release relating to the lien retained by the above deed were recorded, 9 in 1954, 11 in 1955, 5 in 1956, and 1 in 1957, and that the lien was released in full on June 28, 1957. By general warranty deed dated April 23, 1949, Price Cooper and Corene Helen Cooper, his wife, Lindsey G. Cooper and Vida Long Cooper, his wife, Marion C. Moore and Carl C. Moore, her husband, and C. Price Cooper, Committee for Nannie E. Young, conveyed the fee simple title to 64.14 acres of the N. E. Young Tract, situated on the southwest side of Preston Highway, to the Board of Education of Jefferson County. The consideration therefor was not stated but the deed bore revenue stamps in the amount of $38.50, indicating consideration in the amount of $35,000. By deed dated March 1, 1924, Nannie E. Young, C. L. Cooper, Lindsey Cooper, Marion Moore and Price Cooper, and their respective wives and husbands, conveyed 1/2 acre of the N. E. Young Tract fronting on Preston Street Road to Cordelia Hoagland, wife of Charles W. Hoagland, for one dollar and *150 other considerations. In November 1953, L. G. Cooper, C. Price Cooper and Marion Cooper Moore, and their respective spouses, granted Sarah B. Compton the following option, exercisable until March 15, 1954, to purchase a tract of land fronting on the "Preston Highway," containing approximately 44 lots the acreage of which is not shown: This Option to Purchase, made and entered into this - day of November, 1953, between L. G. COOPER and VIDA COOPER, his wife, C. PRICE COOPER and CORENE COOPER, his wife, and MARIAN COOPER MOORE and CARL C. MOORE, her husband, parties of the first part; and SARAH B. COMPTION of Louisville, Kentucky, party of the second part; WITNESSETH: That Whereas, the parties of the first part are the owners of a tract of land situated in Jefferson County, Kentucky, and lying North of and adjoining the County Board of Education property on which the new High School is built at Okolona, Jefferson County, Kentucky, and fronting the Preston Highway. And Whereas, the party of the second part desires to secure an Option on a part of said tract of land which contains approximately 44 lots with additional frontage on the Preston Highway, all of which is shown on the blueprint *151 of lay out of said portion of said land, attached hereto and made a part hereof, on the terms and conditions hereinafter set out. NOW THEREFORE, in consideration of the premises, the parties of the first part hereby grant unto the party of the second part the exclusive Option until March 15, 1954, to purchase the tract of land as shown on blueprint of the lay out of the Lots hereto attached upon the following terms and conditions: TERMS AND CONDITIONS In the event the party of the second part exercises this Option, then the parties of the first part agree to convey the tracts of land as shown on blueprint hereto attached to the party of the second part, with Covenant of General Warranty, free of any lien or encumbrance except all taxes for the year 1954, and all taxes thereafter, and first lien to be retained in said Deed in favor of…, as Trustee to secure one note of THIRTY-THREE THOUSAND ($33,000.00) DOLLARS, payable as hereinafter set out, and said note shall bear interest from the 15th day of March, 1959 until paid. The party of the second part shall, upon receiving said Deed, proceed with the installation of public utilities in the Streets as shown on said plat and to construct *152 black-top Roadways upon said Streets, and no releases as hereinafter set out shall be made until such improvements of said Roadway and installation of utilities have been completed. The parties of the first part hereby agree that said Trustee shall release any of said 44 lots as shown on blueprint hereto attached upon the payment to said Trustee of the sum of SEVEN HUNDRED FIFTY ($750.00) DOLLARS, for each lot so released to be applied on said Lien note. The party of the second part shall pay all expenses for the installation of said utilities and the construction and surfacing of said Roadways; and shall pay for all surveys for the permanent plat of said property. The conveyance of said property by the parties of the first part shall be subject to the Louisville and Jefferson County Planning and Zoning Commission and any and all governmental agencies having authority over the making of the Subdivision of said Lots. The party of the second part shall have the right to impose reasonable restrictions on all of said lots. The party of the second part agrees that in the event this Option is exercised, to proceed immediately with the survey and development work of the property shown on *153 the blueprint hereto attached. IN TESTIMONY WHEREOF, Witness the signatures of the parties hereto the day and year first herein written. /s/ C. Price Cooper /s/ Corene Cooper /s/ Marion Cooper Moore /s/ Sarah B. Compton /s/ Carl C. Moore /s/ L. G. Cooper /s/ Vida Cooper This option was not recorded; there is no evidence it was extended or transferred; and the blueprint referred to therein was not placed in evidence. On December 17, 1954, C. Price Cooper and Corene Cooper, his wife, Lindsey G. Cooper and Vida Cooper, his wife, and Marion C. Moore and Carl C. Moore, her husband, conveyed a portion of the N. E. Young Tract to James W. Compton. The land was described by courses and distances, but the acreage was not designated. This deed (omitting the description and certificates of acknowledgment) was as follows: THIS DEED between: - C. PRICE COOPER and CORINNE COOPER, his wife; LINDSEY G. COOPER and VIDA COOPER, his wife, and MARION C. MOORE and CARL C. MOORE, her husband, parties of the first part, and JAMES W. COMPTON, party of the second part: WITNESSETH: - That for a VALUABLE CONSIDERATION paid, the receipt of which is hereby acknowledged, and the further consideration of the sum *154 of - THIRTY THREE THOUSAND AND NO/100 DOLLARS ($33,000.00)… for which the party of the second part has executed his one promissory note of even date herewith, payable to the order of Marion C. Moore, Trustee, Beuchel, Kentucky, on or before five (5) years after date, bearing no interest; and to secure the payment of said note a lien is hereby retained on the property herein conveyed, together with rents, issues and profits thereof. The parties of the first part understand that the party of the second part plans to subdivide the hereinafter described real estate into forty-four (44) building lots and Marion C. Moore, as Trustee aforesaid, agrees that upon the request of the party of the second part, his heirs, devisees and assigns, she will release the lien hereinabove set out insofar as same affects any single building lot subsequently sold and conveyed, upon the payment of $750.00 per lot, until said note has been paid in full; provided said release is requested and payment made prior to any default on the part of the party of the second part under the terms of this deed. The parties of the first part hereby convey unto the party of the second part, in fee simple, with covenant of *155 GENERAL WARRANTY, the following described real estate situated in Jefferson County, Kentucky, to-wit: - * * *
C. Price Cooper, Lindsey G. Cooper and Marion C. Moore, of the first part, having acquired fee simple title to said property as heirs-at-law of Charles L. Cooper, who died August 18, 1935 and who is mentioned in deed of record in Deed Book 797, Page 394, in the aforesaid Clerk's office, and whose heirs at law are set out in Affidavit of Descent recorded in Deed Book 1656, Page 416, said Clerk's office. The parties of the first part further covenant that they are lawfully seized of the estate hereby conveyed, have full right and power to convey the same, and that said estate is free from all encumbrances except State, County and School taxes assessed and payable in the year 1954 which the parties of the first part hereby covenant and agree to pay and all subsequent taxes which the party of the second part hereby assumes and agrees to pay. As a further consideration for this conveyance, the party of the second part covenant and agree until the terms of this deed shall have been fully complied with: 1. To pay promptly all taxes or other assessments now or hereafter levied against *156 said property, and at the request of the holder or holders of said note to exhibit receipts therefor. 2. Should the second party fail to pay such taxes or assessments, or any of them, promptly, as same become due and payable, then, the holder or holders of said note may pay such taxes or assessments, and the money thus expended shall be deemed a part of the principal debt hereby secured, and shall be repaid upon demand, together with interest at the rate of six per cent per annum, payable semi-annually thereon. 3. Should the second party fail to pay such taxes or assessments, as same become due and payable, before any interest or penalties accrue thereon, or fail upon demand of the holder or holders of said note to comply with the stipulations and covenants of this deed, or fail to pay said note, within thirty days after same become due, then, and in any of said events the holder or holders of said note may declare the whole indebtedness herein secured as at once due and may proceed to collect the same and enforce the lien created herein. IN TESTIMONY WHEREOF, witness the signatures of the parties of the first part, this 17th day of December, 1954. /s/ Lindsey G. Cooper, Lindsey G. *157 Cooper /s/ C. Price Cooper, C. Price Cooper /s/ Marion C. Moore, Marion C. Moore /s/ Corinne Cooper, Corinne Cooper /s/ Vida Cooper, Vida Cooper /s/ Carl C. Moore, Carl C. Moore No blueprint or plat of the land conveyed was offered in evidence. The records of the clerk of the Jefferson County Court indicate by marginal endorsement that a Deed of Release relating to the lien retained by the above deed was recorded on August 20, 1957. On December 21, 1954, L. G. Cooper, C. Price Cooper and Marion Moore Cooper, and their respective spouses granted Sarah B. Compton and James W. Compton the following option, exercisable until December 21, 1955, to purchase a portion of the N. E. Young Tract: OPTION TO PURCHASE This Option to Purchase, made and entered into this 21st day of December, 1954, between L. G. COOPER and VIDA COOPER, his wife, C. PRICE COOPER and CORENE COOPER, his wife, and MARION COOPER MOORE and CARL C. MOORE, her husband, parties of the first part; and SARAH B. COMPTON and JAMES W. COMPTON of Louisville, Kentucky, of the second part; WITNESSETH: That first parties are owners of a tract of land located in Jefferson County, Kentucky, and being the remainder of what is known *158 as the Nannie E. Young tract inherited from said Nannie E. Young and being the remainder of said tract that has not been heretofore conveyed by first parties or included in any other option to purchase between them and second parties herein; Now therefore, for a valuable consideration and in consideration of the agreement hereinafter set forth, first parties grant unto second parties the exclusive option until December 21, 1955 to purchase the land above set out; The parties hereto shall have said land surveyed and laid out into lots as advantageously as possible for the sale of same in a subdivision and which shall be done and paid for by parties of the second part. In event second parties exercise this option, first parties agree to convey the lots as shown on the mutually approved preliminary blue print when survey is made with covenant of general warranty, free of any liens or encumbrances except taxes for 1955 which shall be paid by parties of the second part and thereafter, and a first lien to be retained in said deed in favor of MARION COOPER MOORE as trustee to secure one note for a sum equal to SIX HUNDRED AND FIFTY DOLLARS for each lot laid out in said subdivision and which *159 note shall bear no interest for the five year period of development. The party of the second part shall, upon receiving said Deed, proceed with the installation of public utilities in the Streets as shown on said plat and to construct black-top Roadways upon said Streets, and no releases as hereinafter set out shall be made until such improvements of said Roadway and installation of utilities have been completed. The parties of the first part hereby agree that said Trustee shall release any of said lots, the number to be determined by mutual agreement, as shown on blue print upon the payment to said Trustee of the sum of SIX HUNDRED AND FIFTY DOLLARS ($650.00) for each lot so released to be applied on said Lien note. The parties of the second part shall pay all expenses for the installation of said utilities and the construction and surfacing of said Roadways; and shall pay for all surveys for the plat of said property. The conveyance of said property by the parties of the first part shall be subject to the Louisville and Jefferson County Planning and Zoning Commission and any and all governmental agencies having authority over the making of the Subdivision of said lots. The party *160 of the second part shall have the right to impose reasonable restrictions on all of said lots. The parties of the second part agree that in the event this Option is exercised, to proceed immediately with the survey and development work of the property shown on the blueprint to be supplied. In event second parties do not exercise this option to purchase said land under the terms as set out above, then at any time after date of expiration of this option, the first parties, their heirs and assigns have the right and privilege to extend and the right and privilege to the full use of the streets without cost from parties of the second part, and utilities on that part of land heretofore conveyed by first parties to second parties and subdivided by them and blue print of which has been heretofore made. IN TESTIMONY WHEREOF, Witness hands of the parties hereto the day and year first herein written. /s/ Marion Cooper Moore /s/ Carl C. Moore /s/ Sarah B. Compton /s/ James W. Compton /s/ Corene Cooper /s/ C. Price Cooper /s/ (L.G.) Lindsey G. Cooper /s/ Vida Cooper On November 18, 1955, C. Price Cooper and Corinne Cooper, his wife, Lindsey G. Cooper and Vida Cooper, his wife, and Marion C. Moore *161 and Carl C. Moore, her husband, conveyed a portion of the N. E. Young Tract to Sarah B. Compton. The land was described by courses and distances and from references therein apparently fronted on Blue Lick Road, but the acreage thereof is not designated. This deed (omitting the description and certificates of acknowledgment attached thereto) was as follows: THIS DEED between: - C. PRICE COOPER and CORINNE COOPER, his wife, LINDSEY G. COOPER and VIDA COOPER, his wife, and MARION C. MOORE and CARL C. MOORE, her husband, parties of the first part; and, SARAH B. COMPTON, party of the second part: - WITNESSETH: That for a VALUABLE CONSIDERATION paid, the receipt of which is hereby acknowledged, and the further consideration of the sum of THIRTY SIX THOUSAND AND NO/100 DOLLARS ($36,000.00) for which the party of the second part has executed her one promissory note of even date herewith, payable to the order of Marion C. Moore, Trustee, Buechel, Jefferson County, Kentucky, on or before five years after date, bearing no interest, and to secure the payment of said note a lien is hereby retained on the property herein conveyed, together with the rents, issues and profits thereof. The parties *162 of the first part understand that the party of the second part plans to subdivide the hereinafter described real estate into sixty-four (64) building lots and Marion C. Moore, as Trustee aforesaid, agrees that upon the request of the party of the second part, her heirs, devisees and assigns, she will release the lien hereinabove set out insofar as same affects any single building lot subsequently sold and conveyed, upon the payment of $600.00 per lot, until said note has been paid in full; provided said release is requested and payment made prior to any default on the part of the party of the second part under the terms of this deed. The parties of the first part hereby convey unto the party of the second part, in fee simple, with covenant of GENERAL WARRANTY, the following described real estate situated in Jefferson County, Kentucky, to wit: - * * *
C. PRICE COOPER, LINDSEY G. COOPER and MARION C. MOORE, of the first part, having acquired title to said property as heirs-at-law of Charles L. Cooper, who died August 18, 1935 and who is mentioned in deed of record in Deed Book 797 Page 394 in the aforesaid Clerk's office, and whose heirs-at-law are set out in Affidavit of Descent recorded *163 in Deed Book 1656 Page 416 in the aforesaid Clerk's office. The parties of the first part further covenant that they are lawfully seized of the estate hereby conveyed, have full right and power to convey the same, and that said estate is free from all encumbrances except State, County and School taxes assessed and payable in the year 1956, which the party of the second part hereby assumes and agrees to pay. As a further consideration for this conveyance, the party of the second part covenants and agrees until the terms of this deed shall have been fully complied with: 1. To pay promptly all taxes or other assessments now or hereafter levied against said property and at the request of the holder or holders of said note to exhibit receipts therefor. 2. Should the second party fail to pay such taxes or assessments, or any of them, promptly, as same become due and payable, then the holder or holders of said note may pay such taxes or assessments, and the money thus expended shall be deemed a part of the principal debt hereby secured, and shall be repaid upon demand, together with interest at the rate of six per cent per annum, payable semi-annually thereon. 3. Should the second party *164 fail to pay such taxes or assessments, as same become due and payable, before any interest or penalties accrue thereon, or fail upon demand of the holder or holders of said note to comply with the stipulations and covenants of this deed, or fail to pay said note within thirty days after same become due, then, and in any of said events the holder or holders of said note may declare the whole indebtedness herein secured as at once due and may proceed to collect the same and enforce the lien created herein. IN TESTIMONY WHEREOF, witness the signatures of the parties of the first part, this 18th day of November, 1955. /s/ C. Price Cooper, C. Price Cooper /s/ Lindsey G. Cooper, Lindsey G. Cooper /s/ Marion C. Moore, Marion C. Moore /s/ Corinne Cooper, Corinne Cooper /s/ Vida Cooper, Vida Cooper /s/ Carl C. Moore, Carl C. Moore No development of any kind has been made on the property conveyed to Sarah B. Compton by the above mentioned deed and no payments have been made on the promissory note which she gave in consideration thereof. She fully expected to be able to subdivide the property and sell it in lots at the time of the purchase in 1955. In 1957, however, she was denied a permit to *165 subdivide the property by the county health department unless and until sewers or proper drainage facilities were installed. In 1913, three Commissioners appointed by the Jefferson Circuit Court, Chancery Branch, Second Division, Jefferson County, Kentucky, to evaluate two tracts of land fronting on Preston Road, near the intersection of Preston Road and Blue Lick Road, valued the first tract containing 108.75 acres at $12,506.25, or $115 per acre, and the second tract containing 145.25 acres at $11,006.25, or $75.77 per acre. Their report was approved by the presiding judge of the Jefferson Circuit Court. Sales of other properties in the general area of the C. L. Cooper and N. E. Young Tracts were made as follows: (1) In 1934 the Louisville Title Realty Corpration sold 30 1/2 acres adjacent to the C. L. Cooper Tract and fronting on Blue Lick Road for a consideration of $5,000, or $163.93 per acre, as evidenced by the Federal tax stamps on the recorded deed. (2) In 1915, eight acres of land fronting on Preston Road and adjacent to the N. E. Young Tract, together with a house, cow and certain household furniture, were sold for $2,000. (3) In 1919, 72 acres of land fronting on Preston *166 Road and near the C. L. Cooper Tract were sold for $11,500, or $159.72 an acre, as evidenced by the Federal tax stamps attached to the recorded deed. Other sales of land in the vicinity of the Samuel Cooper farm included: Sales Price
Date of Sale
Acreage
Per Acre
1922
35
$110.00
1943
27.75
108.10
1943
104.75
96.20
Land fronting on Preston Road and Blue Lick Road was considered more valuable than that which did not have such frontage, and Preston Road frontage was considered more valuable than Blue Lick Road frontage. Petitioners Marion Moore and Carl C. Moore reported on their Federal income tax returns the following transactions: Year of
Basis Re-
Sales Price
Return
Description and Amount Sold
ported
Reported
1952
"10 Acres, more or less, off Preston Hwy. at
Okolona, Kentucky"
$1,368.80
$ 5,200.00
1953
"Okolona Land"
7,900.00
26,800.00
1954 *
"Okolona Land"
3,650.00
12,150.00
1954
"Elaine Drive prop."
5,150.00
15,600.00
1955
"Long-term capital gain on real estate Sold
1954 (collected in 1955)"
150.00
650.00
Petitioners C. Price and Corene Cooper reported on their Federal income tax returns the following transactions: Year of
Basis Re-
Sales Price
Return
Description and Amount Sold
ported
Reported
1952
15.44 acres unimproved
$7,720.00
$12,000.00
1953
None
1954
"10 1/4 acres of land. Just south of Okolona, Ky.
and to right of Preston Highway"
5,125.00
19,000.00
1955
None
By *167 statutory notice issued to petitioners on March 24, 1958, respondent determined that the entire basis of both the C. L. Cooper Tract and the N. E. Young Tract had been recovered by petitioners on sales in prior years and that in the taxable years 1954 and 1955, there was no basis available to be offset against the sales price of any of the property sold in those years. Respondent further determined that petitioners realized gain on the sale of the two tracts of land from the N. E. Young Tract in 1954 and 1955 equal to the face value of the notes received by petitioners in such sales. Opinion The evidence presented herein is not only not clear, but is obviously lacking in many essential details. As a consequence, we are compelled to decide this case very largely on the failure of petitioners to sustain their burden of proof. We have attempted as best we could, in the light of the record presented, to set forth in our findings all the facts established by the evidence which could possibly have a bearing on the respective contentions of the parties and the issues presented. The principal issues herein arose out of the sales of five tracts of land by petitioners. Three of these sales were *168 reported on the individual income tax returns filed by petitioners for 1954, as follows: C. Price Cooper and his wife reported the sale of "10 1/4 acres of land. Just south of Okolona, Ky. and to the right of Preston Highway," for $19,000, for which they claimed a basis of $5,125.00. Marion Moore and her husband reported the sale of two tracts. One described as "Okolona Land" for $12,150.00, for which they claimed a basis of $3,650.00, and one described as "Elaine Drive Prop.," for $15,600.00, for which they claimed a basis of $5,150.00. The other two sales relate to jointly owned property, conveyances for which were made by petitioners and Lindsey G. Cooper and his wife, one in 1954 and one in 1955. Neither of these sales were reported by either of the petitioners in the returns filed by them for 1954 or 1955. The first issue presents the question as to what is the basis to be offset against the sale price of each of the tracts of land sold by petitioners in 1954 and 1955. The burden of establishing the adjusted basis of each of said tracts is upon the petitioners, and the difficulty of establishing such bases does not excuse them from their burden. Stock Yards National Bank v. Commissioner, 153 F. 2d 708, 710; *169 Burnet v. Houston, 283 U.S. 223, 228. Petitioners contend that the basis of each parcel of the C. L. Cooper Tract sold by them in 1954 is the fair market value thereof in 1935, and as to each of the parcels of the N. E. Young Tract sold in 1954 and 1955, that the basis is the fair market value thereof in 1952, the date Nannie E. Young, the life tenant, died. They claim a basis of $500 per acre for each of the five tracts sold. Respondent has apparently abandoned the contention presented in the notice of deficiency that petitioners had recovered the entire bases of the lands involved on sales in prior years and that no basis was available to be offset against the sales prices of the property sold in 1954 and 1955. See Income Tax Regulations 1.61-6; Cleveland-Sandusky Brewing Corp., 30 T.C. 539; Crosley Corp. v. United States, 229 F. 2d 376 (C.A. 6, 1956). On brief, respondent argues only that 1935 and 1913, respectively, are the appropriate valuation dates and that petitioners have failed to establish an adjusted basis for any of the five tracts of land sold by them in 1954 and 1955. Briefly stated, gain from the sale or other disposition of property is the excess of the amount realized *170 over the adjusted basis. Sections 1001, 1011, 1016, Internal Revenue Code of 1954. [3] In general, the unadjusted basis is the cost of such property. Section 1012. In the case of property acquired from a decedent by bequest, devise, or inheritance, however, such basis shall be the fair market value of the property on the date of the death of the decedent. Section 1014. Also, in the case of property acquired by gift on or before December 31, 1920, the basis shall be the fair market value of such property at the time of such acquisition. Section 1015(c). The properties included in the three sales reported on the individual returns of the petitioners for the year 1954, were originally a part of the 107.67 acres conveyed to their father Charles L. Cooper by their grandfather Samuel Q. Cooper in 1913, referred to herein as the "C. L. Cooper Tract." [4] Charles L. Cooper died intestate in 1935. Prior to his death he had sold 4 acres. Upon his death, each of his three children acquired an undivided 1/3 interest in the remaining 103.67 acres subject to a life estate in Devona Cooper, the widow of Charles *171 L. Cooper. At that time the uniform basis of the 103.67 acres was its fair market value. Section 1014. Devona and the three children sold one acre in 1938. Devona died in 1947 and upon her death the three children each owned an undivided 1/3 interest in the remaining 102.67 acres. The uniform basis of the 102.67 acres remained the fair market value per acre as of 1935, the date Charles L. Cooper died. Income Tax Regulations 1.104-1 and 1.1014-4(a); G. Loutrell Timanus, 32 T.C. 631, affd. 278 F. 2d 297. In 1949, however, the three children partitioned 99.721 acres of the remaining portion of the C. L. Cooper Tract. C. Price Cooper and Lindsey G. Cooper, conveyed their respective 1/3 interests in 42.03 acres *172 to Marion C. Moore and her husband. Lindsey G. Cooper and Marion C. Moore conveyed their respective 1/3 interests in 44.186 acres to C. Price Cooper and his wife, and C. Price Cooper and Marion C. Moore conveyed their respective 1/3 interests in 13.505 acres to Lindsey G. Cooper and his wife. The deeds are not in evidence and we do not have the benefit of the recitals therein concerning consideration, nor was any other evidence offered furnishing such information. The Federal revenue stamps placed on the conveyances indicate, however, that different valuations were placed on the acreage contained in the five tracts and that purchase and sale, as well as partition, were involved in the transactions. [5]
The basis of the 1/3 interests retained by each of the parties remained the fair market value as of 1935, but the 2/3 interests acquired new bases upon such disposition of the property. Section 1012. The two sales of jointly owned property which were made by petitioners and Lindsey G. Cooper and his wife, Vida L. Cooper, in 1954 and 1955, and not reported by either of *173 the petitioners, were of portions of the N. E. Young Tract. Petitioners each acquired an undivided 1/3 interest therein as remaindermen under the deed from Samuel Q. Cooper to Nannie E. Young and others, dated May 24, 1913. Although this conveyance was made subject to the payment of $100 a year annually to the grantor so long as he lived, it is obvious that the transfer was primarily one of gift. This element of gift is to be considered in determining the uniform adjusted basis of petitioners for capital gain purposes. See Mertens Law of Federal Income Taxation, § 21.26. Under sections 1015(c) and 1016, and Income Tax Regulations 1.1015-3, 1.1015-4, and 1.1016-2, the basis of the property included in the N. E. Young Tract is the fair market value of such property on May 24, 1913, the date of the deed from Samuel Q. Cooper ( Irma Jones Hunt, 47 B.T.A. 829, 835. Cf. Brandeis v. United States, 251 F. 2d 719), plus the total of the annual payments paid. Based upon the principles and facts outlined above, and the very meager evidence relating to the sales prices of other properties in the general area of the lands involved as of the critical dates, we could conceivably hazard a guess *174 as to the uniform basis per acre of the tracts involved. Having done so, however, we would still be faced with the question as to the amount of the unadjusted basis petitioners are entitled to have offset against the sales price for each of the five tracts sold in 1954 and 1955. Copies of deeds relating to four of the sales are in evidence. None of said deeds, however, show the acreage of the tract conveyed and no evidence of any other character was offered to supply this information. Referring to the tract sold to Sarah B. Compton by C. Price Cooper and his wife on May 29, 1954, for a total consideration of $19,000, C. Price Cooper testified the acreage thereof was 10 to 14 acres but he was not sure. Moreover, title to this tract is stated to have been acquired from two deeds, one dated July 23, 1949 (presumably received by the grantors upon the partitioning of the C. L. Cooper Tract) and the other dated May 12, 1951. The record contains no evidence whatever as to the latter deed and we have no way of knowing how much of the tract sold was covered by each of said deeds. As to the fifth sale involved, reported by Marion Moore and her husband on their 1954 return, as the sale of "Okolona *175 Land" for $12,150.00, no deed, abstract notes, or other evidence was offered from which it could be determined the amount of land sold. On the record presented, petitioners have failed to sustain their burden of establishing the adjusted basis as to any of the five tracts sold by them in 1954 and 1955. On this issue, the respondent is sustained. Cf. Cleveland-Sandusky Brewing Corp., supra. The second issue involves the question whether the two sales of jointly owned property in 1954 and 1955 gave rise to recognizable capital gains in those years. Petitioners contend that these sales were conditional and did not become final during the years involved. We do not so understand them. Each of the deeds conveyed the fee simple title to the particular tract of land described therein with convenant of general warranty. Promissory notes payable in five years without interest to one of the grantors as trustee, were given in consideration of the lands conveyed. Liens were retained in both instances to secure the payment of such notes and the trustee was authorized to execute deeds releasing such liens upon payment of specified amounts per lot sold by the purchasers. These provisions did not *176 constitute the conveyances "deeds of trust" or "conditional sales" as contended by petitioners. Nor does the fact that the purchaser was denied a permit by the County Health Department to subdivide one of the tracts in 1957 unless and until sewerage or proper drainage facilities were installed make the deed therefor any less final and complete. That was a circumstance affecting the purchaser's use of the property and might have justified her in deciding not to exercise the option, but having elected to exercise the option and to accept a deed for the fee simple title, it did not render such conveyance conditional. Section 1001(b) provides that "The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received." It is well established that where property is exchanged for notes, income is realized to the extent the fair market value of the notes exceeds the adjusted cost or other basis of the property. Pinellas Ice & Cold Storage Co., 287 U.S. 462; Cherokee Motor Coach Co. v. Commissioner, 135 F. 2d 840; Estate of Eugene Merrick Webb, 30 T.C. 1202, 1213. The full face amounts *177 of the notes in question were used by respondent in determining the deficiencies herein. No evidence was offered by petitioners that the fair market value of the notes was less than the face amount thereof and we do not understand that petitioners are contending that the fair market value of the notes is not equal to their face amount. Cf. I. N. Burman, 23 B.T.A. 639, 642. Nor is there any contention or evidence that petitioners had elected to report such sales on the installment method under section 453(b). Cf. W. T. Thrift, 15 T.C. 366, 373; Sarah Briarly, 29 B.T.A. 256, 259; W. A. Ireland, 32 T.C. 994. We hold that the two sales in question, one to James W. Compton on December 17, 1954 for $33,000, and one to Sarah B. Compton on November 18, 1955 for $36,000, gave rise to taxable gain in those years. In the notices of deficiency, respondent determined that petitioners realized taxable income from the two sales in question during the year 1955. The evidence establishes, however, that one of the sales occurred in 1954 rather than 1955 when the deed was recorded, and respondent was granted leave to amend his answers to claim additional deficiencies and additions to tax for the *178 year 1954 in conformity with such proof. Appropriate adjustments will be made for both years in the Rule 50 computation. The final issue is whether petitioners, C. Price Cooper and Corene Cooper, are liable for additions to tax under section 294(d)(1)(A) of the Internal Revenue Code of 1939, for the year 1954. Petitioners have presented no evidence on this issue and respondent's determination is sustained, the amount thereof to be recomputed under Rule 50. Decisions will be entered under Rule 50. Footnotes
1. These deeds are not in evidence. The information is taken from respondent's Ex. S. (admitted without objection) consisting of notes made by an agent of respondent and which contains a number of obvious errors, but not considered material herein. For example, in the deed to Lindsey G. Cooper and wife Vida L. Cooper, C. P. Cooper and wife and Lindsey G. Cooper and his wife are shown as grantors. Presumably Marion Moore and her husband were grantors instead of Lindsey G. Cooper and his wife. In another deed, next hereinafter mentioned, Devona Cooper (widow) is included as a grantor although she had died more than three years before the date of the deed.
2. See footnote 1.↩
*. Schedule D of the 1954 return indicated this sale occurred in 1953.↩
3. All Code references herein are to the Internal Revenue Code of 1954, unless otherwise indicated.↩
4. No evidence of any character was introduced by petitioners respecting the sale reported by Marion Moore and her husband, on their 1954 return, of the tract described as "Okolona Land" for $12,150.00. Schedule D of the return indicates the land was acquired in 1949. Both parties treat the land involved in this sale as being a part of the 42.03 acres which Marion Moore acquired upon the partition of the C. L. Cooper Tract in 1949. For the purposes of this case we treat it the same.↩
5. On brief, respondent states Lindsey paid $1,250 each to Marion and Price, but the record contains no evidence of this.↩